```
John Kauffman (SBN 302422)
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com
```

*Attorney for Plaintiff Edward Rubottom*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward Rubottom,<br><br>Plaintiff,<br><br>v.<br><br>Dealstruck Capital LLC and Anthony Porrata,<br><br>Defendants. | Case No.: 3:23-cv-01833-AGS-KSC<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>DEMAND FOR JURY TRIAL |

Plaintiff files this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) which provides that a "party may amend its pleading once as a matter of course within 21 days after serving it." Plaintiff has not yet served the initial complaint in this matter. Thus, Plaintiff files this amended complaint as matter of course.

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendants Dealstruck Capital LLC and Anthony Porrata ("Porrata"), collectively ("Defendants"), have contributed to this barrage of telephone spam by initiating illegal text messages to Plaintiff Edward Rubottom ("Rubottom").

3. Rubottom wants this telephone spam to stop. Others do as well. Dealstruck has already been sued for telephone spam, but that has not caused Defendants to stop spamming.

4. Rubottom brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Edward Rubottom is a resident of Surprise, Arizona.

8. Defendant Dealstruck Capital LLC and Anthony Porrata is a Delaware-registered company with its principal place of business in La Jolla, California.

9. Defendant Dealstruck Capital LLC and Anthony Porrata is Chief Executive Officer ("CEO") of Dealstruck and is a resident of Hamstead, North Carolina.

## FACTUAL ALLEGATIONS

10. Rubottom's home, phone, and privacy have been invaded by Defendants' non-emergency text messages.

11. Rubottom is the residential subscriber of the cell phone number 559-760-2129. Rubottom uses this phone number at home. Rubottom makes and takes personal calls and text messages on this phone number.

12. Rubottom registered the number 559-760-2129 on the national Do Not Call Registry ("DNCR") on October 19, 2003.

13. Defendants have initiated text messages to Rubottom at least 14 times, including the following:

i. **SMS from +12765005054 on Aug 2, 2023, at 8:32 pm UTC**
Jnandsons: Your journey to financial freedom: 900k-1.4M over 45 years. Respond with excitement and say "yes." Reply STOP to unsubscribe

ii. **SMS from +12513094064 on Jul 11, 2023, at 7:59 pm UTC**
Jnandsons: Invoice factoring, equipment lease, investments, marketing, credit cards, free website. Info needed? Reply STOP to unsubscribe

iii. **SMS from +18303680173 on Jul 14, 2023, at 6:44 pm UTC**
Jnandsons: Smoothly obtain 10-10.5M! Clear the dues in 15 years. Say "yes." Reply STOP to unsubscribe.

iv. **SMS from +18596967163 on Jun 26, 2023, at 4:29 pm UTC**
Jnandsons: obtain a hassle-free 750K-1M! obligations comfortably over a 10-year duration. ready to say "yes" and take control. Reply STOP to unsubscribe.

v. **SMS from +17622425010 on Jun 12, 2023, at 10:29 pm UTC**
jnandsons: Interested in forgivable 750,000 for organizations with over a year of operation. who to contact for details? Reply. STOP to unsubscribe.

vi. **SMS from +17172940281 on Jun 5, 2023, at 10:43 pm UTC**
Jnandsons: Unleash your potential! Up to 2.25 M today, favorable ten-year terms. Reply "Yes" to unlock. Reply STOP to unsubscribe.

vii. **SMS from +12243007728 on May 3, 2023 at 4:13 pm UTC**
Ready to get your business booming? Our financing program is just what you need! If you have a credit score of 500+, you can get up to $ 750,000 over 10 years at a super low rate of just 1% for the entire year. Yes, you read that right! All you need to do is send us your last 3 months' business statements at cory@dealstruck.com and we'll send you an offer in just 10 minutes.

viii. **SMS from +12243007728 on May 1, 2023, at 6:19 pm UTC**
Discover an exceptional financing program designed for individuals with a 500+ credit score! Secure up to $750,000 over 10 years at 1% monthly payments, perfect for business growth or debt clearance. Email your last 3 months' business statements to cory@dealstruck.com for an offer in just 10 minutes!

ix. **SMS from +15594729811 on Apr 14, 2023, at 8:20 pm UTC**
Want to start off next week with 500k in your account? 10 year term product giving up to $500,000, rates at 3.6 % with flexible

payback. All I need to tell you what you qualify for is a copy of the last three months of business bank statements in pdf to Bnesmith@dealstruck.com and will review and send offer in 10 mins. Let me know when sent.

 x. **SMS from +12243007728 on Apr 28, 2023, at 4:04 pm UTC**
Introducing a remarkable financing program for those with a 500+ credit score. Secure up to $ 950,000 over 10 years at monthly payments, perfect for business growth or debt clearance with 1% rate. Send your last three months' business statements to cory@dealstruck.com and receive an offer in just 10 minutes!

 xi. **SMS from +12243007728 on Apr 26, 2023, at 5:59 pm UTC**
Introducing an incredible opportunity for those with a 500+ credit score! Access up to $750,000 over 10 years at just 1% interest for expansion or debt settlement. Embrace our newly-improved, exceptional monthly plans. Email 3 months of business statements to cory@dealstruck.com for a tailor-made offer in just 10 minutes. Don't miss out!

 xii. **SMS from +12243007728 on Apr 21, 2023, at 7:00 pm UTC**
500 min credit score. We can also pay of all short term balances off and get you into a 10 year monthly program. Guidelines have changed and we have amazing monthly programs. Send last three months of business statements in pdf to cory@dealstruck.com with any balances and I will review and send you options in 10 mins.

 xiii. **SMS from +12243007728 on Apr 18, 2023, at 4:33 pm UTC**
Introducing our latest term program, featuring a 10-year repayment term and convenient monthly payments with a 1% rate. We can swiftly approve your application within 10 minutes. To proceed, send the past three months of your business statements in PDF format to cory@dealstruck.com. Upon receipt, we will promptly review and email you a tailored offer. Please let us once you have sent the statements.

 xiv. **SMS from +12243007728 on Apr 11, 2023, at 5:18 pm UTC**
Hey we have a term loan line of credit hybrid giving up to $500,000 to you. 10 Year terms, rates at 3 % a year with a monthly payback. All I need to tell you what you qualify for is a copy of the last three months of the business bank account to cory@dealstruck.com and I will send you numbers in 10 mins. Let me know when sent

14. On May 4, 2023, after receiving his eighth unsolicited text message, Rubottom replied, "Stop" to 224-300-7728. This opt out attempt by Rubottom triggered an immediate

message back from Defendants stating, "You have successfully been unsubscribed. You will not receive any more messages from this number."

15. After the stop request, Rubottom received six more unsolicited texts from Defendants, all attempting to sell their loan products and services, extending their spam messaging to him for two more months.

16. Defendants did not properly disclose the identity of the person sending the message or the legal name of the entity on whose behalf the message was sent. However, some of the text messages said to send an email to cory@dealstruck.com.

17. Dealstruck.com is a website which its terms and conditions page states is owned and operated by Dealstruck, Inc., located at located at 2223 Avenida de la Playa, Suite 120 in La Jolla, CA 92037.

18. Dealstruck, Inc. has been dissolved since 2017.

19. Dealstruck Capital LLC has now been incorporated and shares at least one address with Dealstruck, Inc., the business name that claims to control Dealstruck.com.

20. Dealstruck Capital LLC continues to operate under the business name Dealstruck, Inc., including through the website Dealstruck.com, which still lists Dealstruck, Inc. in multiple places.

21. On the Dealstruck.com website, Defendants offer various types of loans and services including a "Line of Credit" product.

22. In addition, the body of some of the text messages that Rubottom received from Defendants made clear that the messages were soliciting the sale of goods or services. For example, the July 11th message referenced "Invoice factoring, equipment lease, investments, marketing, credit cards, free website. Info needed?" Similarly, the April 26th text message to Rubottom said, "Introducing an incredible opportunity for those with a 500+ credit score! Access

up to $750,000 over 10 years at just 1% interest for expansion or debt settlement. Embrace our newly improved, exceptional monthly plans. Email 3 months of business statements to cory@dealstruck.com for a tailor-made offer in just 10 minutes."

23. Each text sent to Rubottom represented unsolicited and relentless sales offerings for its loan products and services consistent with what was offered for sale on its own website.

24. Rubottom never provided the number 559-760-2129 to Defendants, never had a relationship with Defendants, and never gave permission for Defendants to send any type of communication.

25. Rubottom's counsel has multiple other clients who have received unwanted and unsolicited telephone spam from Defendants even though these other clients have also never provided their phone numbers to Defendants.

26. On information and belief, Defendants initiated the text messages using an automated system that randomly or sequentially generated Rubottom's number.

27. Rubottom, when messaging "Stop" to 224-300-7728 on May 4, 2023, immediately received the message, "You have successfully been unsubscribed," which was clearly prompted from an automated system used by Defendants, as opposed to a live person tracking and responding to opt outs so quickly and efficiently.

28. Despite the automated acknowledgement of Rubottom's Stop request, Defendants sent more messages.

29. The evidence indicates that Porrata has almost certainly been involved in controlling and authorizing the offending telephone spam and is therefore personally liable.

30. Porrata has been the CEO of Dealstruck since 2018. *See* Popular Business-Lending Marketplace Dealstruck Restructures, www.prnewswire.com/news-releases/popular-business-lending-marketplace-dealstruck-restructures-300758743.html  (October 25, 2023).

31. Since that time consumers have been complaining about Dealstruck's telephone spam.

32. For example, on April 27, 2021, someone by the name of Lisa S. complained on the Better Business Bureau ("BBB") website about Dealstruck: "They started texting me out of the blue last week. I send the contact to 7726 and block them, they continue from other numbers. I have called them and asked them to stop; they refused. Twice today already. Ugh." *See* https://www.bbb.org/us/fl/miami-beach/profile/business-loans/dealstruck-inc-0633-92033211 (October 25, 2023).

33. Another complaint was posted on Dealstruck's BBB page on December 16, 2022 by someone else which stated, "This company is refusing to stop sending me telemarketing texts. I am on the Federal Do Not Call List, and they have been told to stop more than once. At this point I need to speak to their attorney. Otherwise, my next step is to seek significant legal action." This complaint was "resolved" by Dealstruck and is thus no longer available to view by the public.

34. On March 10, 2023, Dealstruck was sued in federal court for failing to honor the DNCR and for failing to honor stop requests. *See Salaiz v. Dealstruck, Inc*. No. 3:23-cv-00107-KC (W.D. Tex.).

35. Again and again, Dealstruck continues to ignore the DNCR and consumers' stop request. All this has happened while Porrata has been the CEO of Dealstruck.

36. Dealstruck is a small company, with only about nine employees. Surely with this onslaught of complaints, Porrata is aware of these complaints that have been made both online and in the federal courts.

37. Nonetheless, Porrata, as CEO of Dealstruck, has continued to authorize and allow this unrelenting spam.

38. Defendants' text messages are a nuisance and annoyance to Rubottom. The text messages have invaded Rubottom's privacy. The spam has diminished the value of Rubottom's phone and Rubottom's enjoyment of life.

39. The text messages were especially intrusive, frustrating, and annoying to Rubottom because Defendants purposefully hid their identity. Rubottom had no idea who was spamming, whether the spammer was somebody whom Rubottom had previously told to stop, or whether it was safe for Rubottom to make a do-not-call request. By not disclosing Defendants' identity, Defendants knowingly tried to prevent Rubottom from monitoring and enforcing compliance with the TCPA.

40. Defendants' text messages are a nuisance and annoyance to Rubottom. The text messages have invaded Rubottom's privacy. The spam has diminished the value of Rubottom's phone and Rubottom's enjoyment of life.

41. The text messages were especially intrusive, frustrating, and annoying to Rubottom because Defendants purposefully hid its identity. Rubottom had no idea who was spamming, whether the spammer was somebody whom Rubottom had previously told to stop, or whether it was safe for Rubottom to make a do-not-call request. By not disclosing Defendants' identity, Defendants knowingly tried to prevent Rubottom from monitoring and enforcing compliance with the TCPA.

**LEGAL STANDARD**

42. **Do Not Call Requests**. Before initiating text messages, telemarketers must have a written policy relating to an internal do-not-call list and must honor do-not-call requests. 47 C.F.R. § 64.1200(d).

43. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

44. **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

45. **Automatic Telephone Dialing System**. The TCPA prohibits text messages to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. §64.1200(a)(1). text messages that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

46. **Personal Liability**. Individuals may be personally liable for TCPA violations when the individual "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018); see also 47 U.S.C. § 217.

## CLASS ACTION ALLEGATIONS

47. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Rubottom brings this action on behalf of all other persons similarly situated throughout the United States.

48. Rubottom proposes the following Classes:

**The Do Not Call Class**
All persons in the United States (1) to whom Defendants initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) after receiving a do-not-call request, (4) within the last four years from the filing of this action.

**The DNCR Class**
All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The Failure to Identify Class**
All persons in the United States (1) to whom Defendants initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) without disclosing the name of the individual

initiating the text messages and the name of the entity on whose behalf the text messages were made, (4) within the last four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom Defendants initiated more than one or more call or text message to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate text messages to Rubottom, (3) within the last four years from the filing of this action.

49. Rubottom does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

50. Class members are identifiable through phone records and phone number databases.

51. There are questions of law and fact common to Rubottom and the class member including but not limited to:

   i. Whether Defendants initiated the text messages.
   ii. Whether Dealstruck messages violated the law.
   iii. Whether Rubottom and class members are entitled to statutory damages, trebled damages, and injunctive relief.

52. Rubottom's claims are typical of the claims of the class members. Rubottom's claims, like the class members' claims, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

53. Rubottom is an adequate representative of the class because Rubottom's interests do not conflict with the interests of the class members, Rubottom will fairly and adequately protect the interests of the class members, and Rubottom is represented by counsel skilled and experienced in class actions, including TCPA class actions.

54. Common questions of law and fact predominate over questions affecting only individual class members.

55. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class

1  members can be provided by mail or other means. Class treatment is superior to multiple
2  individual suits or piecemeal litigation because it conserves judicial resources, promotes
3  consistency and efficiency of adjudication, provides a forum for small claimants, and deters
4  illegal activities. There will be no significant difficulty in the management of this case as a class
5  action.

6      56.    The likelihood that individual class members will prosecute separate actions is
7  remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Failure to Honor Opt-Out Requests
**(On Behalf of Rubottom and the Do Not Call Class)**

57. Defendants violated 47 C.F.R. § 64.1200(d)(3) by initiating text messages to Rubottom and members of the Do Not Call Class after they asked for the text messages to stop.

58. Porrata directly controlled, authorized, and/or participated in initiating the text messages and is therefore personally liable for the text messages.

59. Rubottom and members of the Do Not Call Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

60. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

61. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
**(On Behalf of Rubottom and the Do Not Call Class)**

62. Defendants violated 47 C.F.R. § 64.1200(c)(2) by initiating text messages to Rubottom and members of the DNCR Class while their phone numbers were on the DNCR.

63. Porrata directly controlled, authorized, and/or participated in initiating the text messages and is therefore personally liable for the text messages.

64. Rubottom and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

65. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

66. The court should enjoin such violations. *Id.*

### THIRD CAUSE OF ACTION
### Failure To Identify
### (On Behalf of Rubottom and the Failure to Identify Class)

67. Defendants violated 47 C.F.R. § 64.1200(d)(4) by initiating text messages to Rubottom and members of the Failure to Identify Class without disclosing the name of the individual initiating the text messages and the name of the person or entity on whose behalf the text messages were made.

68. Porrata directly controlled, authorized, and/or participated in initiating the text messages and is therefore personally liable for the text messages.

69. Rubottom and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

70. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

71. The court should enjoin such violations. *Id.*

### FOURTH CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
### (On Behalf of Rubottom and the ATDS Class)

72. Defendants violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Rubottom and members of the ATDS Class.

73. Porrata directly controlled, authorized, and/or participated in initiating the text messages and is therefore personally liable for the text messages.

74. Rubottom and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

75. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

76. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Rubottom respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Rubottom as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Rubottom and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Rubottom requests a jury trial as to all claims of the Complaint so triable.

DATED October 25, 2023

Respectfully submitted,

*/s/ John Kauffman*

John Kauffman